E-filing

1  **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2  Name   PORTER, ANTHONY WILL
          (Last)           (First)           (Initial)

3  Prisoner Number   F- 72952

4  Institutional Address   California State Prison - Pelican Bay

5  Post Office Box 7500, Crescent City, CA 95531

6  ================================================================

   **UNITED STATES DISTRICT COURT**
7  **NORTHERN DISTRICT OF CALIFORNIA**

8  ANTHONY PORTER
   _____
   (Enter the full name of plaintiff in this action.)

9                                                    CV 08    1496
           vs.                                       Case No. _____
10                                                   (To be provided by the clerk of court)
   ROBERT HOREL, Warden
11  _____              PETITION FOR A WRIT
                                                     OF HABEAS CORPUS  TEH
12  _____

13  _____

14  (Enter the full name of respondent(s) or jailor in this action)

15                                                              (PR)
   ================================================================
16              Read Comments Carefully Before Filling In

17  When and Where to File

18         You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23         If you are challenging your conviction or sentence and you were not convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS         - 1 -

<u>Who to Name as Respondent</u>

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

A. <u>INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

1. What sentence are you challenging in this petition?

    (a)  Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

    Monterey County Court _____ Salinas, CA 93901 _____
    Court                                Location

    (b)  Case number, if known  SS042332

    (c)  Date and terms of sentence  25 Years

    (d)  Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)    Yes ✓    No ____

        Where?
        Name of Institution: Pelican Bay State Prison
        Address: P.O. Box 7500, Crescent City, CA 95531

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

Attempted Murder 664/187(a); Assault with a semi-automatic firearm 245PC(b); Carrying a firearm not owned 12031 (a)(2)(F); Shooting from a motor vehicle 12034 (c); Gange allegation 186.22(a)(a); 664(a) PC and 12022.5(a)

PET. FOR WRIT OF HAB. CORPUS          - 2 -

1   3. Did you have any of the following?

2       Arraignment:                                 Yes ✓  No ___

3       Preliminary Hearing:                  Yes ✓  No ___

4       Motion to Suppress:                 Yes ✓  No ___

5   4. How did you plead?

6       Guilty ___   Not Guilty ✓   Nolo Contendere ___

7       Any other plea (specify) _____

8   5. If you went to trial, what kind of trial did you have?

9       Jury ✓   Judge alone ___   Judge alone on a transcript ___

10  6. Did you testify at your trial?   Yes ✓  No ___

11  7. Did you have an attorney at the following proceedings:

12      (a)  Arraignment                     Yes ✓  No ___

13      (b)  Preliminary hearing           Yes ✓  No ___

14      (c)  Time of plea                   Yes ✓  No ___

15      (d)  Trial                               Yes ✓  No ___

16      (e)  Sentencing                      Yes ✓  No ___

17      (f)  Appeal                            Yes ✓  No ___

18      (g)  Other post-conviction proceeding   Yes ✓  No ___

19  8. Did you appeal your conviction?   Yes ✓  No ___

20      (a)  If you did, to what court(s) did you appeal?

21      Court of Appeal                  Yes ✓  No ___

22      Year: 2006   Result: Affirmed

23      Supreme Court of California   Yes ✓  No ___

24      Year: 2007   Result: Denied

25      Any other court                  Yes ✓  No ___

26      Year: 2007   Result: Pending argument

27

28      (b)  If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS     - 3 -

```
                     petition?                              Yes ✓   No____
          (c)        Was there an opinion?                  Yes ✓   No____
          (d)        Did you seek permission to file a late appeal under Rule 31(a)?
                                                            Yes____ No ✓

                     If you did, give the name of the court and the result:

                     _____
                     _____
```

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?     Yes ✓   No____

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

    (a)   If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

        I.   Name of Court: _Sixth Appellate District, No. H030522_

           Type of Proceeding: _Habeas Corpus_

           Grounds raised (Be brief but specific):

           a. _Newly discovered evidence if a basis for Habeas Relief as if_

           b. _undermines the prosecution's entire case._

           c. _____

           d. _____

           Result: _Denied_       Date of Result: _2007_

        II.   Name of Court: _California Supreme Court_

           Type of Proceeding: _Petition for Review on Habeas Corpus_

           Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS       - 4 -

|   |   |   |
|---|---|---|
| 1 | a. | Newly discovered evidence if a basis for Habeas Relief as if |
| 2 | b. | undermines the prosecution's entire case. |
| 3 | c. | |
| 4 | d. | |
| 5 | Result: _____ Date of Result: _____ | |
| 6 | III. Name of Court: Court of Appeal Sixth Appellate District | |
| 7 | Type of Proceeding: Petition for Mandate to Compel | |
| 8 | Grounds raised (Be brief but specific): | |
| 9 | a. Mandate to compel respondent superior court to vacate its order denying | |
| 10 | b. petitioner's motion to dismiss this action on double jeopardy grounds | |
| 11 | c. by allowing a new trial on premeditation and gang enhancement allegatio | |
| 12 | d. (Order was first stayed and stay was lifted to order the Superior court) | |
| 13 | Result: Granted   Date of Result: 3/20/2007 | |
| 14 | IV. Name of Court: CALIFORNIA SUPREME COURT | |
| 15 | Type of Proceeding: ORAL ARGUMENTS on Respondent's Appeal | |
| 16 | Grounds raised (Be brief but specific): | |
| 17 | a. (Same as in III) State appealing to the CASC the Appeals court order | |
| 18 | b. Granting the Petition for Mandate filed by Petitioner. ORAL ARGUMENT | |
| 19 | c. IS PENDING AND ACTIVE - Petitioner seeks an abeyance of this | |
| 20 | d. Petiton on original appeal to wait for the decision of CASC on Appeal. | |
| 21 | Result: PENDING   Date of Result: n/a | |
| 22 | (b) Is any petition, appeal or other post-conviction proceeding now pending in any court? | |
| 23 | Yes ✓   No ___ | |
| 24 | Name and location of court: CALIFORNIA SUPREME COURT | |

25  B. GROUNDS FOR RELIEF

26     State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS            - 5 -

1  need more space. Answer the same questions for each claim.

2  [Note: You must present ALL your claims in your first federal habeas petition. Subsequent
3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,
4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: Petitioner's Sixth Amendment right under the US Constitution to reasonably
6  effective assistance of counsel was violated by trial counsel's (See pages behind this page)
7  Supporting Facts: SEE ADDITIONAL PAGES

11  Claim Two: PETITIONER ASKS WHETHER A COURT OF APPEALS MAY DENY A
12  PETITION FOR WRIT OF HABEAS CORPUS WHEN THE (See pages behind this page)
13  Supporting Facts: SEE ADDITIONAL PAGES

17  Claim Three: PETITIONER ASSERTS THAT THE PROSECUTION MAY NOT RETRY
18  PREMEDITATION ALLEGATIONS AND GANG ENHANCEMENT (SEE pages behind)
19  Supporting Facts: SEE ADDITIONAL PAGES

23  If any of these grounds was not previously presented to any other court, state briefly which
24  grounds were not presented and why:
25  Petitioner is PRESENTLY waiting in the California Supreme Court for Oral Arguments as result of
26  the State appeal of Court of Appeals ruling that the Superior Court MAY NOT allow a retry on
27  gang allegations and premeditation enhancements. Petitioner had a his AEDPA deadline to think
28  about and decided to present his federal petition in a timely manner (see page behind this page)

PET. FOR WRIT OF HAB. CORPUS        - 6 -

**PETITIONER'S CASE**: Petitioner, 18 years old at the time of the incident, was charged with crimes occurring when someone fired shots from a moving *car* at an occupied residence in Seaside, California.' Petitioner, who lived in San Diego, California, came to Monterey County to attend the funeral of a friend, Albert Johnson, who had recently been killed. There was evidence that petitioner was greatly saddened by his friend's death and that he drank himself into an extreme state of intoxication on the day before, and the day of, the funeral. The shooting occurred late in the evening on the day of the funeral, following several gatherings for mourners at which petitioner continued drinking. A car driven by Travis Williams, in which petitioner was a passenger, drove by the house of a man, DeShawn Lee, suspected of being involved in the death of petitioner's friend. While two women were on the front porch of the house, and another just inside, shots were fired from the car, missing the women, but hitting portions of the house. There was conflicting testimony about whether the shots were fired from the driver's side, nearest the porch, or from the passenger side. Petitioner denied firing the shots and insisted that he had no idea that Williams, from whom he had accepted a ride in order to go to his grandmother's house, intended, instead, to drive to, and fire, at Lee's house.

## CLAIM ONE:

**Petitioner's Sixth Amendment right under the United States Constitution to reasonably effective assistance of counsel was violated by trial counsel's failure to litigate the relevancy and admissibility of the gang evidence out of the jury's hearing, and whether a court of appeal may reject an ineffective assistance of counsel claim when the trial attorney has attested that he made an error in failing to contest the admissibility of gang evidence and, had no tactical reason for doing so, and the trial court has made a ruling which, although made after trial, strongly suggests that it would have excluded the evidence had a proper motion been made before the evidence was heard by the jury.**

Petitioner submits that had trial counsel moved in limine to preclude the gang evidence, or by some other means sought court review of the evidence before it was presented to the jury, the trial court would have reached the same conclusion it reached after the trial: that the evidence was insufficient to prove the gang allegations. It would have excluded the gang evidence and petitioner would have received a trial on the shooting and related charges without the devastatingly prejudicial gang evidence weighing against him. Under those circumstances, given the closeness of the case and the conflicting evidence regarding the identity of the shooter, it is reasonably probable that the jury would have reach a result more favorable to petitioner. The Trial attorney's sworn declaration as to his possible ineffectiveness in relation to this claim is also presented here for the court to review. Petitioner prays that this court orders an evidentiary hearing so that this claim may be properly presented by Petitioner with proper legal counsel.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff and Respondent,<br><br>vs.<br><br>ANTHONY PORTER,<br><br>Defendant and Appellant. | NO. H029031<br><br>Superior Ct. No.<br>SS042332A<br>Monterey County |

**DECLARATION OF THOMAS S. WORTHINGTON**

I, Thomas S. Worthington, declare:

I am an attorney at law duly admitted to practice in the State of California and I was trial counsel for Anthony Porter in Monterey County Superior case number SS042332A. I make the statements herein on my personal knowledge and if called upon to testify thereto could and would state as hereinafter set forth.

Mr. Porter was charged in the above action with two counts of attempted murder, one count of shooting at an inhabited dwelling, two counts of assault with a semi-automatic firearm, one count of carrying a loaded firearm by a person other than the registered owner, and one count of shooting from a motor vehicle. In connection with all seven counts, it was alleged that

the offense was committed for the benefit of a criminal street gang in violation of Penal Code section 186.22, subdivision (a)(1).

My best recollection is that there were discovery problems regarding, among other things, the evidence to support the prosecution's expert witness testimony concerning gang activity. Accordingly, I had to make a number of motions to secure this discovery. My best recollection is that, because of this, I may have thought that I had already litigated the relevance and admissibility of gang evidence.

I have now reviewed my records and I see that we did not make any *in limine* motions regarding gang evidence. In hindsight, I believe that the relevance and admissibility of the prosecution's gang evidence should have been litigated in an Evidence Code section 402 hearing. There was no tactical reason for failing to litigate these issues in an Evidence Code section 402 hearing or *in limine* motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 16, 2006 at Salinas, California, California.

Thomas S. Worthington

3-6

Anthony Porter v. Warden

### CLAIM TWO:

**PETITIONER ASKS WHETHER A COURT OF APPEALS MAY DENY A PETITION FOR WRIT OF HABEAS CORPUS WHEN THE PETITIONER HAS SUBMITTED DECLARATIONS CONTAINING NEW EVIDENCE WHICH SHOW HIM TO BE INNOCENT OF THE CHARGED OFFENSES.**

Petitioner Porter submits a sworn credible declaration from a principle in the charged offenses, Bruce Collins, that indicates strongly that he, Petitioner, is innocent of the charged offenses. The appeal court did not even allow an evidentiary hearing on same.

Habeas corpus relief may be granted where there is newly discovered credible, evidence, "...which undermines the entire case of the prosecution." To undermine the entire prosecution case, the evidence must be "conclusive" and "point unerringly to innocence ...." The attached declarations of Bruce Collins and Stan Morgan set forth such evidence. Investigator Stan Morgan interview Bruce Collins on June 21, 2006, at the Golden State Community Correctional Facility in McFarland, California. He obtained information from Collins which was put into a declaration which Collins reviewed and signed under penalty of perjury on July 17, 2006. In his declaration, Collins attested, among other things, as follows:

> "About two years ago, I was an inmate in the Monterey County jail, and was housed with Travis Williams. During the time I was housed with Mr. Williams, he told me that he, Williams, was the one who shot at the house of Kimber-Lee Roman on March 26, 2005, not Mr. Porter, and that he was trying to get Mr. Porter to take the blame for the shooting. He said, "There is no need for both to go down for one thing."

Collins' report of what Williams told him supports petitioner's testimony that he had never met Williams before the day of the funeral, that he was ill from too much drinking, that he was not the shooter, and that he had nothing to do with the charged offenses. He attested:

> "Mr. Williams also told me that in Richmond, they would not have waited for the funeral to get revenge for the killing of Albert Johnson. He stated that he and Mr. Porter met for the first time at a gathering following the funeral of Albert Johnson. He told me that he and Mr. Porter had been drinking that day; that after the funeral, they went to Monterey to meet some girls; that later that night, they returned to the Marina area and that Mr. Porter was sick and passed out; that he, Williams, drove by the scene of the shooting and passed by before turning around to pass by the house again and shoot at the house; and that Mr. Porter awakened just as he, Williams, was shooting at the house."

Williams' statements to Collins were **clearly against his penal interest** in that they constituted an admission that he attempted a killing as revenge for the murder of Albert Johnson. In view of Williams' admissions to Collins, it is clear that petitioner did not commit the crimes with which he was charged. Since the new evidence "clearly implicates a different culprit," habeas corpus relief ought to be granted. "Obviously a confession by another party exonerating the petitioner does point unerringly to petitioner's innocence and, if credited, undermines the entire case of the prosecution." Since Williams has admitted the

4-6

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, ) <br> ) <br> Plaintiff and Respondent, ) <br> ) <br> vs. ) <br> ) <br> ANTHONY PORTER, ) <br> ) <br> Defendant and Appellant. ) <br> ) <br> _____ ) | NO. H029031 <br><br> Superior Ct. No. <br> SS042332A <br> Monterey County |

## DECLARATION OF BRUCE COLLINS

I, Bruce Collins, declare:

I make the statements herein on my personal knowledge and if called upon to testify thereto could and would state as hereinafter set forth.

About two years ago, I was an inmate in the Monterey County jail, and was housed with Travis Williams. During the time I was housed with Mr. Williams, he told me that he, Williams, was the one who shot at the house of Kimber-Lee Roman on March 26, 2005, not Mr. Porter, and that he was trying to get Mr. Porter to take the blame for the shooting. He said, "There is no need for both to go down for one thing."

I also heard Mr. Williams make threatening statements against Mr.

1

Porter's grandmother as a means of getting Mr. Porter to go along with his plan. He made a statement to the effect of having the "grandmother's head on a flat," and "having some people from Richmond come down and take care of business." Mr. Williams told me that he had information about Mr. Porter's grandmother from "paperwork" provided by counsel.

Mr. Williams also told me that in Richmond, they would not have waited for the funeral to get revenge for the killing of Albert Johnson. He stated that he and Mr. Porter met for the first time at a gathering following the funeral of Albert Johnson. He told me that he and Mr. Porter had been drinking that day; that after the funeral, they went to Monterey to meet some girls; that later that night, they returned to the Marina area and that Mr. Porter was sick and passed out; that he, Williams, drove by the scene of the shooting and passed by before turning around to pass by the house again and shoot at the house; and that Mr. Porter awakened just as he, Williams, was shooting at the house.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___July 17___, 2006 at ___McFarland___, California.

*Bruce L. Collins*
Bruce Collins

2

6-6

Anthony Porter v. Warden

## PROPOSED AND UNEXHAUSTED
## CLAIM THREE
## REQUEST TO HOLD IN ABEYANCE

**PETITIONER ASSERTS THAT THE PROSECUTION MAY NOT RETRY THE PREMEDITATION AND GANG ENHANCEMENTS ON WHICH THE TRIAL COURT GRANTED A NEW TRIAL AFTER THE JURY HAD CONVICTED PETITIONER AS CHARGED IN VIOLATION OF PROTECTIONS AGAINST DOUBLE JEOPARDY AND DUE PROCESS.**

**NOTE TO THE COURT**, Petitioner is in the California Supreme Court with counsel waiting for and oral argument and decision based on this claim. THIS CLAIM HAS NOT BEEN PRESENTED TO THE STATE SUPREME COURT FOR EXHAUSTION DUE TO THE FACT THAT THAT COURT IS STILL DECIDING THE CASE AND THE OUT COME IS NOT DETERMINED.

### REQUEST FOR ABEYANCE:

Petitioner nor his appointed counsel could decide what to do on this matter since the AEDPA deadline was at hand and the other claims One and Two aforementioned were ready for presentation to this court. Therefore, Petitioner decided to move forward and **ASK THIS HONORABLE COURT TO HOLD THIS PETITION WITH ALL CLAIMS IN ABEYANCE SO THAT CLAIM THREE** (which may be reworded depending on the determination of the California Supreme Court) THE ISSUES OF RETRYING FOR GANG AND PREMEDITATION ENHANCEMENTS ARE DECIDED.

Petitioner is NOT an attorney and does not have legal counsel on this petition and <u>ask this court to appoint same to better explain his motion, if necessary.</u>

In summary, the Court of Appeals sided with the Petitioner and ordered the Superior court to dismiss its order for a new trial and a thorough argument presented by Petitioner. However, the STATE appealed that ruling to the California Supreme Court and that is where this Claim and issues rest. Guidance is need from this court on how these actions affect the AEDPA deadline obligations of Petitioner. IS THE AEDPA DEADLINE TOLLED OR NOT? And how much time is left? Questions petitioner could not answer even with counsels assistance.

Below are some of the arguments of the **Court of Appeals for Sixth Appellate District** decision filed **3/20/2007** as result of a **Writ of Mandate filed by Petitioner**, however, <u>since this matter is pending in the courts Petitioner does NOT present the below mentioned as his final argument should it comes to this court later.</u>

"The question before us is whether the prosecution may retry premeditation allegations and gang enhancement allegations on which the trial court granted a new trial after the jury had convicted petitioner as charged. Petitioner argues that double jeopardy
bars further trial ... precludes trial on only discrete elements of greater offenses.
    After granting a new trial on the premeditation and gang enhancement allegations. the trial court announced that the People would be permitted to set a new trial date on those enhancements. It then sentenced petitioner and entered a judgment of conviction on

7-6

the remaining guilty verdicts and true findings. Petitioner subsequently filed pleas of former judgment of conviction and once in jeopardy and sought to demur and asked the court to dismiss the action. The court rejected petitioner's arguments and agreed that a trial on the allegations should be set. This court stayed the criminal trial until further order of this court." (Which was vacated with this order.)

Petitioner is correct that where a trial Judge expressly grants a new trial because the state failed to prove its case as a matter of law, federal double jeopardy, protection bars a second prosecution because such a ruling is the equivalent of an acquittal......The prosecution, by attempting to retry petitioner on the challenged allegations following conviction of the charged offenses and the other remaining true findings, is seeking second convictions for the "same offenses," a proceeding ordinarily barred under the due process clause of the federal constitution. The only question is whether any exception applies to this principle....The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards." ... The record of petitioner's motion for a new trial does not affirmatively show that petitioner. with sufficient awareness of the relevant circumstances, intelligently and voluntarily waived his constitutional right to have a jury determine that all the elements of the greater offenses had been proved beyond a reasonable doubt."

"We take judicial notice that petitioner sought the dismissal, not retrial, of the premeditation and gang enhancement allegations in his motion for a new trial. ...The trial court chose not to modify "the verdict, finding or, judgment" without granting a new trial as it was empowered to do if it concluded petitioner was not guilty as convicted but was guilty of a lesser included crime. Defense counsel's acquiescence in the court's decision to proceed with sentencing on the standing jury verdicts and findings following the court's ruling on the new trial motion does not demonstrate defendant effectively waived his right to a full jury trial on the greater offenses...Let a peremptory writ *of* mandate issue directing respondent superior court to enter an order dismissing the premeditation allegations (§ 664, subd. (a)) and the gang enhancement allegations (§ 186.22, subd. (b)). The stay order issued by this court is vacated."

(The state now appeals to the California Supreme Court and that is where things stand on this possible claim.)

1  List, by name and citation only, any cases that you think are close factually to yours so that they
2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning
3  of these cases:

4  Kimmelman v. Morrison (1986) 477 U.S. 365; Nix v. Whiteside (1986) 475 U.S. 157;
5  Williams v. Taylor (2000) 529 U.S. 362; United States Const. 6th Amend.; Strickland v. Washington
6  (1984) 466 U.S. 668; In re Sodersten (2007) 146 Cal. App 4th 1163; et al

7  Do you have an attorney for this petition?        Yes____   No ✓
8  If you do, give the name and address of your attorney:
9  (There is attorney for the pending Oral Arguments on the pending issue in State)

10  WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in
11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

13  Executed on  3/4/08                                    /s/ Anthony W. Poe
14              Date                                        Signature of Petitioner

20  (Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS        - 7 -

Miguel De Niz v. Warden                                    CV - 5254 - DSF (JC)

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, CITY OF CRESCENT CITY

I am the petitioner and inmate in this action and affirm that this my Petition for Writ of Habeas Corpus was served on the below listed parties by placing a true copy in a sealed envelope with postage thereon fully prepaid and gave it to a correctional officer to be placed in the United States mail at Crescent City, California, addressed as follows:

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF California
450 Golden Gate Ave.
Box 36060
San Francisco, CA 94102

California State Deputy Attorney General,
350 McAllister St., San Francisco, CA 94102

I declare that under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 3-12-08 at Crescent City, California.

*[signature]*

Anthony Porter  F - 72952
In Pro Per
CSP - Pelican Bay
P.O. Box 7500
Crescent City, CA 95531

14

Anthony will Porter
F-72952
B-5 # C-230
Pelican Bay State Prison
P.O. Box 7500
Crescent city, CA.
95531-7500

C.A. Atty

PELICAN BAY
G.P. UNIT R-5

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532




$ 01.31⁰
02 1M
0004217666   MAR 13 2008
MAILED FROM ZIP CODE 95531

Poo S

RECEIVED
MAR 17 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

General

united States District Court
Northern District of California
450 Golden Gate Avenue
P.o. Box 36060
San Francisco, CA. 94102

Anthony Deont Porter
F-72952
B-5  # C-230
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA.
         95531-7500

PELICAN BAY
G.P. UNIT B-5

U.S. Dist.
The North

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532




02 1M      $ 01.31⁰
0004217666    MAR 13 2008
MAILED FROM ZIP CODE 95531

RECEIVED
MAR 17 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Court For
ern District of Ca

United States District Court
Northern District of California
450 Golden Gate Avenue
P.O. Box 36060
San Francisco, CA. 94102