UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PORTER,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT A. HOREL, Warden,<br><br>    Respondent. | No. C 08-1496 TEH (PR)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND, DENYING MOTION TO STAY WITHOUT PREJUDICE AND INSTRUCTIONS TO THE CLERK** |

## INTRODUCTION

Petitioner, a prisoner of the state of California currently incarcerated at Pelican Bay State Prison in Crescent City, California, has filed this action for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the constitutionality of his state conviction. Petitioner has paid the filing fee.

This matter comes before the Court on initial review of the petition, but the Court is unable to issue an order to show cause because of two threshold problems: (1) Petitioner has alleged that Claim Three in the petition is pending before the California Supreme Court and that no decision has been rendered on this claim; and (2) the petition does not provide the Court with all of the information necessary to determine how to proceed as to the entire petition. With regard to the first issue, it does not appear that state judicial remedies as to at least that claim have been exhausted. As to the second, Petitioner has also not clearly informed the Court of a number of essential facts, including whether the other claims in the petition are exhausted and whether he has provided the Court with a petition including all of the claims he intends to pursue before this Court. For these reasons, the petition will be

dismissed with leave to amend.

## BACKGROUND

According to the petition, Petitioner was convicted of attempted murder, assault with a semi-automatic firearm, carrying a firearm, shooting from a motor vehicle and several gang allegations (which have apparently been set aside by the trial court) after a jury trial in Monterey County Superior Court and was sentenced to a period of 25 years in state prison. According to the petition, Petitioner appealed his conviction to the California Court of Appeal which affirmed the conviction in 2006 and the Supreme Court of California denied Petitioner's petition for review in 2007. Petitioner also informs the Court that a petition for mandate filed in the Court of Appeal which was granted is now on appeal in the California Supreme Court.

Petitioner filed the instant petition on March 18, 2008. In his petition, Petitioner notifies the Court that at least one of the three claims raised has not been previously exhausted, but is currently pending in the California Supreme Court.[1] Therefore, as Petitioner now apparently has a mixed petition (containing both exhausted and unexhausted claims) pending before this Court, the petition must be dismissed and Petitioner must notify the Court of how he would like to proceed.

## STANDARD OF REVIEW

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or

---

[1] The Court notes that the petition, which contains three listed claims, is silent as to whether the other claims have been exhausted and does not clearly state whether Petitioner has identified all of the claims he intends to pursue before this Court.

2

false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." Calderon v. United States Dist. Court (Nicolaus), 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

## DISCUSSION

The exhaustion requirement requires that prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). A federal district court must dismiss a habeas petition containing any claim as to which state remedies have not been exhausted. See Rose v. Lundy, 455 U.S. at 522. However, the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the court can then consider those which remain. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000).

When faced with a post-AEDPA mixed petition, the district court must sua sponte

inform the habeas petitioner of the mixed petition deficiency and provide him an opportunity to amend the mixed petition by striking unexhausted claims as an alternative to suffering dismissal before the court may dismiss the petition. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing Rhines v. Webber, 544 U.S. 269, 277 (2005)) (court's erroneous dismissal of mixed petition entitled petitioner to equitable tolling of one-year AEDPA statute of limitations from the date the first habeas petition was dismissed until the date the second habeas petition was filed); Hunt v. Pliler, 384 F.3d 1118, 1125 (9th Cir. 2004) (court's imposition of sanction of dismissal with prejudice for failure to prosecute and obey court orders was abuse of discretion where petitioner filed request that third amended petition be held in abeyance until district court ruled on magistrate's finding that first petition contained unexhausted claims); Olvera v. Giurbino, 371 F.3d 569, 573 (9th Cir. 2004).

Petitioner has asked the Court to stay the petition while he awaits resolution of an appeal regarding his case in state court. In some circumstances, the court has the power to grant a stay of the federal proceeding while a petitioner goes back to state court to exhaust additional claims. Rhines, 544 U.S. at 277-78. However, the use of a stay is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." Id. Therefore, a petitioner can ask the district court to stay an unexhausted petition while he exhausts his unexhausted claims in state court. Cf. Pace v. DiGuglielmo, 125 S. Ct. 1807, 1813-14 (2005). A petitioner need not delete his unexhausted claims asking the district court to issue a stay. See Jackson v. Roe, 425 F.3d 654, 659-61 (9th Cir. 2005). However, in this case, while Petitioner has requested a stay, he has not provided the Court with the necessary information regarding all of his claims to allow the Court to determine whether a stay is appropriate.

Petitioner must inform the Court whether his federal petition contains all of the claims he intends to pursue in this Court, which he has failed to do. Further, Petitioner should notify

the Court of the current procedural status of Petitioner's case in state court. He also must inform the Court whether the petition contains both exhausted and unexhausted claims. Petitioner cannot go forward in federal court with a mixed petition. See id.; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). As such, the petition is now DISMISSED with leave to amend within thirty days, by filing a new petition, clarifying the issues identified by the Court.

If Petitioner does not amend, the case will be dismissed without prejudice. If the case is dismissed for failure to amend, or if Petitioner voluntarily dismisses the petition, he should note that any new federal petition he might attempt to file thereafter may be barred by the statute of limitations.

Petitioner's motion for a stay of the proceedings is DENIED without prejudice to filing another such motion, making the proper showing under Rhines. He must also show good cause for why these claims were not previously exhausted and that they are "potentially meritorious" as required under Rhines. Petitioner's failure to act with diligence could result in the Court's dismissal of his petition for failure to prosecute.

## CONCLUSION

For the foregoing reasons, the court now dismisses the petition with leave to amend and requires Petitioner to file an amended petition on the Court's form petition within **thirty (30) days**. The Clerk of Court is directed to provide Petitioner with a blank copy of the Court's form petition with this order.

Petitioner's earlier motion for a stay is DENIED without prejudice to filing another motion within **thirty (30) days**. In the motion, he must also make the requisite showing under Rhines, to establish good cause for his failure to exhaust the claims earlier and that his claims are potentially meritorious. If Petitioner fails to timely comply with this order, this action will be dismissed without prejudice to his filing a new habeas action containing only exhausted claims.

SO ORDERED.

DATED: 10/10/08

THELTON E. HENDERSON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PORTER,<br><br>        Plaintiff,<br><br>v.<br><br>ROBERT HOREL et al,<br><br>        Defendant. | Case Number: CV08-01496 TEH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 10, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Will Porter #:F-72952
Pelican Bay State Prison
Housing: B-5 C-230
P.O. Box 7500
Crescent City, CA 95532

Dated: October 10, 2008

Richard W. Wieking, Clerk
By: T. De Martini, Deputy Clerk