FILED
APR 30 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY PORTER,

    Petitioner,

v.

ROBERT HOREL, Warden,

    Respondent.

No C-08-1496 TEH (PR)

ORDER TO SHOW CAUSE

    Petitioner, a state prisoner incarcerated at Pelican Bay State Prison in Crescent City, California, has filed a pro se First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. Section 2254 challenging a judgment of conviction from Monterey County Superior Court. The First Amended Petition was filed after the Court dismissed the initial petition with leave to amend because it contained both exhausted and unexhausted claims. See Doc. #4. In the First Amended Petition, Petitioner removed the unexhausted claim "that is still pending before the state courts for argument." Doc. #5 at 1. According to the California Appellate Courts Case Information website, the California Supreme Court is hearing

argument on petitioner's unexhausted claim on May 6, 2009. http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1883951&doc_no=S152273.

I

On May 6, 2005, Petitioner was sentenced in Monterey County Superior Court to 25 years in state prison following his convictions for various crimes including attempted murder, shooting at an inhabited dwelling, assault with a semiautomatic firearm and shooting from a motor vehicle, and for true findings on various sentencing enhancements.

The California Court of Appeal affirmed the judgment in an unpublished opinion. People v. Porter, No. H029031, 2006 WL 3649273 (Cal. Ct. App. Dec. 14, 2006). The court also denied habeas relief on the same day in a separate order. In March 2007, the California Supreme Court denied review. Petitioner filed the instant First Amended Petition on November 3, 2008.

II

This Court may entertain a Petition for a Writ of Habeas Corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

2

Petitioner seeks federal habeas corpus relief on the grounds that: (1) he was denied his Sixth Amendment right to the effective assistance of counsel; and (2) newly discovered evidence shows that he is actually innocent of the crimes of which he was convicted.

Liberally construed, Petitioner's claim that he was denied his Sixth Amendment right to the effective assistance of counsel appears cognizable under § 2254 and merits an Answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

Petitioner's claim that he is actually innocent, however, is DISMISSED. The United States Supreme Court has not yet recognized that a free-standing claim of actual innocence is cognizable in federal habeas proceedings. See House v. Bell, 547 U.S. 518, 554-55 (2006), citing Herrera v. Collins, 506 U.S. 390, 417, 418-19 (1993). Because there is no clearly-established Supreme Court authority recognizing that a free-standing claim of actual innocence is cognizable on federal habeas review, relief cannot be granted on this claim. See 28 U.S.C. § 2254(d).

### III

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this Order and the First Amended Petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a

3

1 | copy of this Order on Petitioner.

2 |    2. Respondent shall file with the Court and serve on Petitioner, within 60 days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a Writ of Habeas Corpus should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

   If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within 30 days of his receipt of the Answer.

   3. In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within 30 days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within 15 days of receipt of any Opposition.

//
//
//
//
//
//
//

4

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner also must keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED   4/29/09

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.08\Porter-08-1496-osc-FAP.wpd

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY PORTER,

    Plaintiff,

v.

ROBERT HOREL et al,

    Defendant.
_____/

Case Number: CV08-01496 TEH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 30, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Will Porter #:F-72952
Pelican Bay State Prison
Housing: B-5 C-230
P.O. Box 7500
Crescent City, CA 95532

Dated: April 30, 2009

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk