IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PORTER, | No. C-08-1496 TEH (PR) |
| Petitioner, | |
| v. | ORDER DISMISSING AS MOOT PETITION FOR A WRIT OF HABEAS CORPUS |
| ROBERT HOREL, Warden, | |
| Respondent. | |

Petitioner, a state prisoner incarcerated at Pelican Bay State Prison in Crescent City, California, has filed a pro se First Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from Monterey County Superior Court. The First Amended Petition was filed after the Court dismissed the initial Petition with leave to amend because it contained both exhausted and unexhausted claims. See Doc. #4. In the First Amended Petition, Petitioner removed the unexhausted claim and elected to proceed with the following two claims: (1) he was denied his Sixth Amendment right to the effective assistance of counsel based on trial counsel's failure to litigate the relevancy

and admissibility of evidence that Petitioner was involved in a gang; and (2) newly discovered evidence shows that he is actually innocent of the crimes of which he was convicted. Id. The Court ordered Respondent to show cause why a writ of habeas corpus should not be granted as to Petitioner's ineffective assistance of counsel claim, but dismissed his actual innocence claim because "there is no clearly-established Supreme Court authority recognizing that a free-standing claim of actual innocence is cognizable on federal habeas review [such that] relief cannot be granted on this claim. See 28 U.S.C. § 2254(d)." Doc. #6 at 3. Respondent has filed an Answer and Petitioner has filed a Traverse. Doc. ##7, 9 & 10.

For the reasons that follow, the Petition for a Writ of Habeas Corpus is DISMISSED as moot.

I

Petitioner was convicted by jury in Monterey County Superior Court of attempted murder, shooting at an inhabited dwelling, assault with a semiautomatic firearm and shooting from a motor vehicle. The jury also found true the following sentencing enhancements: that the attempted murders were committed willfully, deliberately and with premeditation; that all of the offenses were committed for the benefit of a criminal street gang; and that Petitioner personally used a firearm during the commission of the attempted murders and assaults.

Following his convictions, Petitioner sought a new trial under Penal Code section 1181(6), arguing there was insufficient evidence to prove he acted with premeditation and deliberation, with

2

intent to kill or for the benefit of a street gang. The trial court granted a new trial on the gang enhancements and the allegation of premeditation and deliberation. At sentencing, the court remarked that the People could request a date for a new trial on the premeditation allegation and gang enhancements, and, if a jury later found them to be true, Petitioner could be resentenced, a proposal to which Petitioner's counsel agreed. The court then imposed a total term of imprisonment of twenty-five years. See <u>Porter v. Superior Court</u>, 47 Cal. 4th 125, 130-31 (2009).

Petitioner then filed a demurrer and a motion to dismiss in the trial court, claiming that a second trial on the sentencing enhancements would violate double jeopardy. The trial court rejected that argument, but the court of appeal disagreed, concluding that retrial of the sentencing enhancements would violate the double jeopardy clause. The court of appeal issued a peremptory writ of mandate directing the trial court to dismiss the enhancements. The California Supreme Court granted review to decide whether double jeopardy principles permitted retrial of the sentencing enhancements, and, in July 2009, reversed. See <u>Porter</u>, 47 Cal. 4th at 131-32. The California Supreme Court remanded the case to the court of appeal for entry of an order lifting the stay of proceedings and denying the petition for writ of mandate. <u>Id.</u> at 140.

While Petitioner was litigating the double jeopardy issue, he also appealed the judgment of the trial court. The California Court of Appeal affirmed the judgment in an unpublished opinion. <u>People v. Porter</u>, No. H029031, 2006 WL 3649273 (Cal. Ct. App. Dec.

3

14, 2006). The court also denied habeas relief on the same day in a separate order. In March 2007, the California Supreme Court denied review.

## II

Article III, § 2 of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff or petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). An incarcerated prisoner's challenge to the validity of his conviction satisfies the case-or-controversy requirement, because the incarceration constitutes a concrete injury, caused by the conviction, which is redressable by the invalidation of the conviction. Spencer v. Kemna, 523 U.S. 1, 7 (1998).

Here, Petitioner claims his trial counsel was ineffective for failing to challenge on relevancy grounds evidence that was admitted to prove the gang enhancements, which the jury found true. Doc. #5. Respondent answers that Petitioner has failed to prove that trial counsel was ineffective under both prongs of Strickland v. Washington, 466 U.S. 668, 688 (1984). Doc. #7-1 at 9-11.

The Court cannot reach the merits of Petitioner's claim, however, because the true findings on the gang enhancements were vacated by the trial court when Petitioner was sentenced and were not reinstated at the time Petitioner filed the instant Petition.

**4**

**United States District Court**
**For the Northern District of California**

1  As a result, there is no case or controversy for this Court to hear.
2  Spencer, 523 U.S. at 7.
3
4           The First Amended Petition for a Writ of Habeas Corpus is
5  DISMISSED as moot.  The Clerk is directed to terminate any pending
6  motions as moot and close the file.
7
8           IT IS SO ORDERED.
9
10  DATED    10/27/09
11                                    THELTON E. HENDERSON
                                      United States District Judge

26  G:\PRO-SE\TEH\HC.08\Porter-08-1496-dismiss petition as moot.wpd

5